IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

DAVID LAFANTANO,                    :
            *Petitioner*            :          CIVIL ACTION
                                    :
        v.                          :
                                    :
MARRIOSA LAMAS *et al.*,            :          No. 19-1724
            *Respondents*           :

## MEMORANDUM

PRATTER, J.                                          JULY 27, 2021

David Lafantano petitions for federal habeas relief pursuant to Section 2254 of the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA). 28 U.S.C. § 2254. Magistrate Judge Heffley reviewed the record and the parties' submissions. She recommended that the petition be denied because each of the claims is procedurally defaulted or meritless. Mr. Lafantano timely objected to the Report and Recommendation and reiterated the substantive arguments raised in his petition.

After reviewing the parties' submissions, the state record, the Report and Recommendation, and Mr. Lafantano's Objections, the Court adopts the Report and Recommendation in part and modifies it in part. It adopts the Report and Recommendation's finding that relief should be denied as to the ten claims. However, it modifies the Report and Recommendation to the extent that the Magistrate Judge reached the merits as to three claims that are procedurally barred from this Court's review and to the extent she did not consider an Eighth Amendment argument. For the reasons that follow, Mr. Lafantano's petition for a writ of habeas corpus is denied.

1

## BACKGROUND AND PROCEDURAL HISTORY

In early 2012, Mr. Lafantano and his co-conspirator, Javier Ramos, burgled three homes in a one-month period. Mr. Lafantano and Mr. Ramos targeted homes owned by people who had all previously used Class Act Landscaping—Mr. Lafantano and Mr. Ramos's former employer—for landscaping services. For each of these burglaries, Mr. Lafantano and Mr. Ramos stole various valuables, including electronics and jewelry. Eventually, Mr. Lafantano was arrested following an attempted burglary while the homeowner was present. The homeowner, Ms. Ciraulo, called the police dispatch, described the two men, the black SUV that they were in, and the sound of her window breaking. She then alerted the police to the SUV's route after it left her driveway. Because of this phone call, troopers were able to immediately stop the SUV that Mr. Lafantano was driving. Ms. Ciraulo positively identified the men as those who were just seen at her house. Mr. Lafantano and Mr. Ramos were then arrested. State police obtained a warrant to search and secure the items inside the SUV.

Following Mr. Ramos's arrest and during his detention, he frequently called his girlfriend using the prison telephone system. The system notifies callers that the communications are recorded. During one such call, Mr. Ramos referenced an Xbox and TV and intimated that those items were hers, care of the "electronics fairy." Based on the contents of that recorded call, troopers visited the girlfriend's house, secured her consent to search, and recovered multiple items which homeowners had reported stolen. Troopers then obtained a search warrant to search the cell phones recovered from Mr. Lafantano's SUV. Cell phone activity placed the two men nearby the burgled homes on the days of the burglaries.

Mr. Lafantano was charged with burglary and related offenses in connection with the three burglaries. The trial court denied Mr. Lafantano's motion to sever and hold three separate trials. Mr. Lafantano proceeded to trial, where he was found guilty of one count each of burglary,

attempted burglary, and theft, and two counts each of receiving stolen property, criminal trespass, criminal mischief, and conspiracy to commit burglary.  He was sentenced to an aggregate term of 18 to 42 years imprisonment, which represented an upward departure from the Commonwealth's sentencing guidelines.

Mr. Lafantano did not initially file a direct appeal.  Rather, his direct appeal rights were reinstated as a result of a *pro se* petition under Pennsylvania's Post Conviction Relief Act, 42 Pa. Cons. Stat. Ann. §§ 9541 *et seq.*  On direct appeal, Mr. Lafantano, now represented by counsel, raised only two issues:  the trial court's denial of his motion to sever and his motion to suppress the Commonwealth's introduction of prison phone and visitation conversations.  The Superior Court affirmed his conviction, *Com. v. Lafantano*, No. 1608 EDA 2014, 2015 WL 6128852 (Pa. Super. Ct. July 31, 2015), and the Pennsylvania Supreme Court denied for allowance of appeal, *Com. v. Lafantano*, 131 A.3d 490 (Pa. 2016).

Having exhausted his direct appeal rights, Mr. Lafantano filed a *pro se* PCRA petition broadly alleging ineffective assistance of counsel and denial of a fair trial.  Court-appointed counsel for this petition (technically his second) filed a no-merit letter and a motion to withdraw, which the PCRA court granted.  Doc. No. 9-3.  Mr. Lafantano filed an amended PCRA petition *pro se*, which the PCRA court dismissed.[1]  *See Com. v. Lafantano*, 2017 Pa. Dist. & Cty. Dec.

---

[1]    Because the claims in the PCRA petition are relevant to Mr. Lafantano's procedural default, the Court recounts them here:

1. Trial counsel's failure to object to the introduction of prison visitation recordings;
2. Trial counsel's failure to move to suppress co-defendant's visitation conversations;
3. Appellate counsel's failure to raise trial counsel's failure to object to the introduction of the prison visitation recordings;
4. Appellate counsel's failure to raise trial counsel's failure to move to suppress the visitation conversations; and
5. Denial of a fair trial.

*See* Doc. No. 9-4 (Amended PCRA Petition).

LEXIS 4664 (Pa. Ct. Com. Pl. Lehigh Cty. July 19, 2017). The Superior Court denied his appeal of the dismissal. *Com. v. Lafantano*, No. 1908 EDA 2017, 2018 WL 4019768 (Pa. Super. Ct. Aug. 23, 2018). Mr. Lafantano did not seek review from the Pennsylvania Supreme Court.

Mr. Lafantano filed his federal habeas petition on February 14, 2019. He now asserts ten separate claims which raise new ineffective assistance of counsel arguments and challenge certain decisions by the trial court. The Commonwealth responded to the petition, arguing that, of the ten claims, seven are unexhausted and thus procedurally defaulted. The Commonwealth contends that the remaining three claims are meritless. Magistrate Judge Heffley issued a Report and Recommendation recommending that the petition be denied in all respects. Mr. Lafantano then filed his objections to portions of the Report and Recommendation.

### STANDARD OF REVIEW

When assessing a magistrate judge's report and recommendations, the reviewing court must make a "de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C). The court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." *Id.*

### I.      Review of Claims under Section 2254

Federal courts are authorized to grant habeas relief in only certain circumstances. 28 U.S.C. § 2254(d). Habeas relief is available if the state court proceedings resulted in a decision that was "contrary to . . . clearly established Federal law, as determined by the Supreme Court of the United States," "involved an unreasonable application of clearly established Federal law," or "involved an unreasonable determination of the facts in light of the evidence presented" in state court. *Id.*

A state court judgment is "contrary to" clearly established federal law when the state court "arrives at a conclusion opposite to that reached by [the United States Supreme] Court on a question of law, or if the state court decides a case differently than [the] Court has on a set of materially indistinguishable facts." *Williams v. Taylor*, 529 U.S. 362, 412-13 (2000). For the "unreasonable application" clause to apply, the state court's application of federal law must be objectively unreasonable. *Id.* at 409.

Federal courts reviewing state court proceedings properly and sensibly must afford considerable deference to the state court's legal and factual determinations. *Palmer v. Hendricks*, 592 F.3d 386, 391-92 (3d Cir. 2010). The petitioner has the burden of rebutting this presumption of deference with clear and convincing evidence that the state court's factual determination is not correct. 28 U.S.C. § 2254(d).

## II.    Exhaustion and Procedural Default under AEDPA

A prerequisite to federal habeas review is that the petitioner has exhausted all available remedies under state law, to the extent they exist and are effective. 28 U.S.C. § 2254(b)(1)(A); *Werts v. Vaughn*, 228 F.3d 178, 192 (3d Cir. 2000). The exhaustion doctrine is "principally designed to protect the state courts' role in the enforcement of federal law and prevent disruption of state judicial proceedings." *Rose v. Lundy*, 455 U.S. 509, 518 (1982). To that end, a petitioner must show that his claim has been "fairly presented to the state courts." *Bronshtein v. Horn*, 404 F.3d 700, 725 (3d Cir. 2005). This means that the petitioner has presented his federal claims at each level of the state's established appellate review process. *Carpenter v. Vaughn*, 296 F.3d 138, 146 (3d Cir. 2002). Similarly, it requires the petition to frame the claim in such a "manner that puts [the state court] on notice that a federal claim is being asserted." *Keller v. Larkins*, 251 F.3d 408, 413 (3d Cir. 2001).

In general, when a court is presented with a "mixed" petition—including exhausted and unexhausted claims—the court must dismiss the petition. *Lundy*, 455 U.S. at 523. But *Lundy* is inapplicable when the petitioner has failed to exhaust state remedies and "the court to which the petitioner would be required to present his claims in order to meet the exhaustion requirement would now find the claims procedurally barred." *Coleman v. Thompson*, 501 U.S. 722, 735 n.1 (1991). The claims in that case, for purposes of federal habeas, are procedurally defaulted. *Id.* Similarly, federal habeas review is generally barred where the petitioner has defaulted his federal claims in state court pursuant to an independent and adequate state procedural rule. *Id.* at 750.

A petitioner can overcome procedural default only in limited circumstances when he can "demonstrate cause for the default and actual prejudice from the alleged violation of federal law" or demonstrate that failure to consider the claim "will result in a fundamental miscarriage of justice." *Id.* The latter exception requires new and reliable evidence of the petitioner's actual innocence. *Schlup v. Delo*, 513 U.S. 298, 321 (1995). It is an onerous standard to meet.

## III.   Ineffective Assistance of Counsel

Clearly established federal law governing ineffective assistance of counsel claims is set forth in a two-prong test from *Strickland v. Washington*, 466 U.S. 668 (1984).

> First, the defendant must show that counsel's performance was deficient. This requires showing that counsel made errors so serious that counsel was not functioning as the 'counsel' guaranteed the defendant by the Sixth Amendment. Second, the defendant must show that the deficient performance prejudiced the defense. This requires showing that counsel's errors were so serious as to deprive the defendant of a fair trial, a trial whose result is reliable.

*Id.* at 687. Given the individual nature of each case, each defendant, and each professional, judicial "scrutiny of counsel's performance must be highly deferential." *Id.* at 689. "A fair assessment of attorney performance requires that every effort be made to eliminate the distorting effects of

hindsight, to reconstruct the circumstances of counsel's challenged conduct, and to evaluate the conduct from counsel's perspective at the time." *Id.* "[A] trial does not have to be perfect to be constitutionally fair." *Marshall v. Hendricks*, 307 F.3d 36, 91 (3d Cir. 2002).

To establish prejudice, the defendant must show "a reasonable probability that, but for counsel's unprofessional errors, the result of the proceeding would have been different." *Strickland*, 466 U.S. at 694. Prejudice is evaluated in the light of the totality of the evidence presented at trial. *Kelly v. Rozum*, No. CIV.A. 08-1073, 2009 WL 3245565, at *16 (E.D. Pa. Oct. 6, 2009).

When the court reviews a state prisoner's ineffective assistance of counsel claim under § 2254(d), the court must apply a doubly deferential standard of review. Unreasonableness under *Strickland* is not the same as unreasonableness under § 2254(d). When the state court has addressed counsel's effectiveness, the question is not whether counsel's performance fell below the *Strickland* standard. Petitioner has the burden of showing that the state court applied *Strickland* in an objectively unreasonable way. *Harrington v. Richter*, 562 U.S. 86, 101 (2011); *Woodford v. Visciotti*, 537 U.S. 19, 25 (2002). This is a more demanding showing than if petitioner's *Strickland* claims were before the court in the first instance.

### DISCUSSION

Mr. Lafantano's petition raises ten claims:

1. A violation of the Fourteenth Amendment and Confrontation Clause based on the trial court's admission of prison visitation recordings;

2. PCRA counsel provided constitutionally ineffective assistance of counsel by failing to make a Confrontation Clause objection to the prison visitation recordings;

3. Trial counsel provided constitutionally ineffective assistance of counsel by failing to object to prison visitation recordings;

7

4. PCRA counsel provided constitutionally ineffective assistance of counsel by failing to challenge trial counsel's failure to move to suppress prison visitation recordings;

5. PCRA counsel provided constitutionally ineffective assistance of counsel by failing to challenge the trial court's "error" in admitting the recordings;

6. Insufficiency of the evidence to convict;

7. Trial court abused its discretion in imposing an above-guidelines sentence;

8. Trial court failed to instruct the jury about the prison visitation recordings;

9. Trial court erred in denying petitioner's motion to sever the two indictments; and

10. PCRA counsel provided constitutionally ineffective assistance of counsel by failing to challenge trial counsel's failure to move to sever.

Magistrate Judge Heffley found that claims one (confrontation clause violation), two (ineffective assistance based on confrontation clause violation), six (insufficient evidence to convict), and eight (failure to give cautionary instruction) were procedurally defaulted. She then found both the procedurally defaulted and remaining claims were meritless. In his Objections, Mr. Lafantano reiterates arguments previously raised in his petition to suggest that the prison visitation recordings were admitted in error.

As a threshold matter, the Court must consider the claims that are unexhausted. Mr. Lafantano's federal petition raises several claims that he did not "fairly present" to the state appellate courts. Specifically, claims one, two, six, seven, eight, nine and ten were not litigated through one round of the Commonwealth's established review process.

A federal court may dismiss a claim as procedurally barred when state law would unambiguously deem it defaulted. *Carter v. Vaughn*, 62 F.3d 591, 595 (3d Cir. 1995). Under Pennsylvania law, an issue is waived if a petitioner could have raised it at trial, on appeal, or in a

prior state habeas proceeding. 42 Pa. Cons. Stat. § 9544(b). The Commonwealth requires that any petition must be filed "within one year of the date the judgment becomes final." *Id.* § 9545(b)(1). There are three limited exceptions to this one-year limitations period, but they do not apply here, and Mr. Lafantano has not argued that they do. *Id.* § 9545(b)(1)(i)-(iii).

A judgment becomes final "at the conclusion of direct review" or "at the expiration of time for seeking the review." *Id.* § 9545(b)(3). "A petition for a writ of certiorari seeking review of a judgment of a lower state court that is subject to discretionary review by the state court of last resort is timely when it is filed with the Clerk within 90 days after entry of the order denying discretionary review." Sup. Ct. R. 13(1). The Pennsylvania Supreme Court denied Mr. Lafantano's petition for allowance of appeal on February 17, 2016. *Com. v. Lafantano*, 131 A.3d 490 (Pa. 2016). Nothing in the record suggests that he then sought certiorari from the United States Supreme Court. Accounting for the 90 days, judgment here became final on May 17, 2016. When Mr. Lafantano filed his second PCRA petition[2] in January 2017, he did not assert claims one, two, six, seven, eight, nine, or ten. Nor did Mr. Lafantano's "Amended PCRA petition," filed May 8, 2017, raise these claims.

The only vehicle to raise these new claims is via an additional PCRA petition. But because the timeline to do so has long passed, the Commonwealth courts would refuse to hear the new claims asserted in the federal petition. *See Gago v. DelBalso*, No. CV 19-3064, 2021 WL 620954, at *8 (E.D. Pa. Feb. 17, 2021); *Butler v. Johnson*, No. CIV. A.00-2718, 2001 WL 856713, at *2 (E.D. Pa. July 23, 2001). Because it would be futile to require Mr. Lafantano to assert those claims in state court, these seven claims are considered procedurally defaulted.

---

[2]   As previously discussed, Mr. Lafantano's first PCRA petition resulted in the reinstatement of his direct appeal rights *nun pro tunc*.

The remaining question for these claims is whether Mr. Lafantano can excuse the default by showing "cause and prejudice." The Court finds that the alternate approach to excuse default—demonstrating that failure to consider the claim will result in a fundamental miscarriage of justice—is foreclosed here. This exception requires Mr. Lafantano to present new, reliable evidence of his innocence. *Schlup v. Delo*, 513 U.S. 298 (1995). Mr. Lafantano's blanket assertion of actual innocence absent any evidence cannot serve as a basis to excuse his default.

## I.      Admission of Prison Recordings (Claim One)

Mr. Lafantano first challenges the trial court's admission of certain prison visitation conversations on Confrontation Clause grounds.   Magistrate Judge Heffley understood Mr. Lafantano to challenge both the recorded statements between him and his wife, and as between his co-defendant and his co-defendant's girlfriend. During one conversation, Mr. Lafantano's wife told him that she not give Mr. Ramos' girlfriend "half of s***." At trial, he filed a motion *in limine* to exclude the statement on the grounds that it was hearsay. The trial court admitted the challenged statement, finding that it was offered for the effect on the listener—i.e., that Mr. Lafantano had knowledge about the stolen goods—and was not offered to prove the truth of the matter. The Superior Court affirmed.

Mr. Lafantano also argues that the trial court erred in admitting prison recordings of Mr. Ramos's conversations with his girlfriend, in which they discussed the "electronics fairy" and the cell phones that the police recovered in the SUV. The trial court admitted the statements under the co-conspirator statement exception to the hearsay rule.

In Pennsylvania, an appellant is required to file a Rule 1925(b) statement, which concisely sets out the issues on appeal. Pa. R. App. P. 1925(b). The Pennsylvania Supreme Court has held that "failure to comply with the minimal requirements of Pa. R. App. P. 1925(b) will result in an

automatic waiver of the issues raised [on appeal]." *Com. v. Schofield*, 888 A.2d 771, 774 (Pa. 2005). On direct appeal, the Superior Court found that Mr. Lafantano had waived this argument because he neither offered a Confrontation Clause argument in his motion *in limine* or at trial nor preserved such a claim in his Rule 1925(b) statement.

Magistrate Heffley recommends that Mr. Lafantano's failure to comply with the Commonwealth's procedural rule is an independent and adequate state ground for the Superior Court's refusal to review this claim. *See Buck v. Colleran*, Civ. A. No. 04-1189, 115 F. App'x 526 (3d Cir. 2004); *Cherry v. Wynder*, No. CIV.A. 05-2560, 2007 WL 983826, at *6 (E.D. Pa. Mar. 26, 2007). She recommends denying relief here because the claim is unexhausted and procedurally defaulted. The Magistrate Judge further found there were no grounds to excuse the procedural default based on a cognizable showing of cause and prejudice.

Mr. Lafantano does not address the effect of an adequate and independent state ground in his Objections. He appears to claim cause and prejudice so as to excuse his procedural default on Claim One. To the extent he claims that "counsel abandoned him," this assertion is incorrect. Mr. Lafantano was counseled during his direct appeal (once his rights were restored). So, the Court rejects the claim that he was abandoned. If Mr. Lafantano is instead arguing that his counsel was ineffective for failing to file a Confrontation Clause claim in his Rule 1925(b) statement, this claim itself is procedurally defaulted. *Edwards v. Carpenter*, 529 U.S. 446, 453 (2000). Mr. Lafantano could have raised his claim about counsel's ineffectiveness for failing to include the claim in his Rule 1925(b) statement in his PCRA petitions. For whatever reason, he did not do so. Accordingly, the Court finds that he cannot make out cause to excuse the procedural default of Claim One. The remainder of his Objections as to Claim One go to the merits of his Confrontation Clause argument.

Magistrate Heffley correctly concluded that challenging the trial court's admission of the statements on Confrontation Clause grounds is procedurally defaulted.

Even were his claim not defaulted, the Court would find that it was not entitled to habeas relief because the statements at issue do not implicate the Confrontation Clause. The Confrontation Clause prohibits an out of court statement only if it is admitted for its truth. *Woods v. Etherton*, 136 S. Ct. 1149, 1152 (2016); *Crawford v. Washington*, 541 U.S. 36, 59 n.9 (2004). If a statement is not "testimonial" in nature, the Confrontation Clause does not apply. *United States v. Hendricks*, 395 F.3d 173, 183 (3d Cir. 2005).

Here, the trial court admitted the statement between Mr. Lafantano and his wife not for its truth, but "to show its effect on [Mr. Lafantano] as to his knowledge regarding the stolen goods." *Com. v. Lafantano*, No. 1608 EDA 2014, 2015 WL 6128852, at *11 (Pa. Super. Ct. July 31, 2015) (affirming the trial court's decision to admit the recording).

Likewise, the trial court admitted the statement between Mr. Ramos and his girlfriend under the co-conspirator statement exception to the hearsay rule. The Supreme Court has held that the admission of a non-testifying co-conspirator's statement against a defendant does not violate the Confrontation Clause provided the statement satisfies the co-conspirator exclusion. *Bourjaily v. United States*, 483 U.S. 171, 182-83 (1987).[3] The trial court found the preponderance of the evidence showed an uncharged conspiracy between Mr. Lafantano, his co-defendant, and his girlfriend "to relocate or transport the known stolen property," *Com. v. Lafantano*, 2015 WL 6128852, at *12, and that the conspiracy to store the property continued after Mr. Lafantano was arrested.

---

[3]   Mr. Lafantano's argument in his Objections that admitting a statement as "an exception to the hearsay rule" "was rejected by the *Crawford* court" misstates the rule announced in *Crawford*.

Even if the Pennsylvania courts had erred and found that the testimony *was* hearsay, Magistrate Judge Heffley found that Mr. Lafantano's objection is not cognizable on habeas review. A federal court on habeas review does not "re-examine state-court determinations on state-law questions." *Estelle v. McGuire*, 502 U.S. 62, 67-68 (1991). This Court is bound by the state court's determination that the testimony was not hearsay and that its admission was proper. *Devine v. Cameron*, No. CV 09-171, 2015 WL 5063958, at *10 (E.D. Pa. Aug. 26, 2015).

Accordingly, the Court adopts the Recommendation to the extent it finds Claim One is procedurally defaulted. Were the Court to reach the merits of this claim, it would find them lacking here.

## II.    Ineffective Assistance of Counsel to Object on Confrontation Clause Grounds (Claim Two)

Mr. Lafantano contends that his trial and PCRA counsel were each ineffective for failing to raise a Confrontation Clause argument. Magistrate Judge Heffley found that his claim against his trial counsel is procedurally defaulted and that his claim against PCRA counsel is meritless. Other than repeat his argument that the Confrontation Clause was violated, Mr. Lafantano does not specifically object to the Recommendation.

Magistrate Judge Heffley found these ineffective assistance claims to be procedurally defaulted because he did not "fairly present" them to the state courts. Mr. Lafantano contends his claim against his PCRA counsel, while procedurally defaulted, can nevertheless be considered here. Doc. No. 1 at 54. Mr. Lafantano relies on the rule announced in *Martinez v. Ryan*, 566 U.S. 1 (2012), wherein a habeas petitioner may establish cause and prejudice on assistance claims by showing that post-conviction relief counsel was ineffective in failing to raise a claim in the post-conviction relief proceeding. However, to establish cause and prejudice, the underlying claim

must be a "substantial one"—i.e., that jurists of reason could disagree with the state court's resolution of the constitutional claim. *Id.* at 14.

As discussed above, Mr. Lafantano's substantive Confrontation Clause challenge is without merit. Accordingly, neither his trial nor PCRA counsel can be found ineffective for failing to raise a meritless claim. *Werts*, 228 F.3d at 203. Mr. Lafantano does not respond to the Recommendation that his claims are defaulted and does not offer any further reason to excuse the procedural defaults in his Objections. The Court thus adopts this portion of the Recommendation that Mr. Lafantano is not entitled to habeas relief on either ineffective assistance claim relating to the Confrontation Clause challenge.

### III.   Ineffective Assistance of Counsel for Failure to Object to Recorded Prison Conversations (Claims Three, Four, and Five)

Mr. Lafantano next argues that his trial and appellate counsel were ineffective for failing to request the suppression of the prison recordings on the grounds the recordings violated the Pennsylvania Wiretapping and Electronic Surveillance Control Act (Claims Three and Four). 18 Pa. Cons. Stat. §§ 5703 *et seq.* He also contends counsel was ineffective for failing to object to the Commonwealth's introduction of the recordings (Claim Five). Mr. Lafantano presented these claims to the PCRA court, who rejected them, finding that because "admission of the recordings of prison visits was not a violation of the Wiretap Act, [Mr. Lafantano] was not denied any constitutional rights." *Com. v. Lafantano*, 2017 Pa. Dist. & Cty. Dec. LEXIS 4664, *24 (Pa. Ct. Com. Pl. Lehigh Cty. July 19, 2017).

Because the PCRA court found that the underlying claim—that admitting the recordings violated the Wiretap Act—was meritless, it then held trial counsel was not ineffective because he chose not to raise a meritless objection. *Id.* Similarly, it held appellate counsel was not ineffective for deciding not to challenge trial counsel's decision. *Id.* at *24-25. The Superior Court affirmed

the PCRA court's reasoning, finding that it "comprehensively discusses and properly disposes of the questions presented." *Com. v. Lafantano*, No. 1908 EDA 2017, 2018 WL 4019768, at *1 (Pa. Super. Ct. Aug. 23, 2018).

Because Mr. Lafantano "fairly presented" these claims before the state court and the state court adjudicated them on the merits, the Court reviews the claims under AEDPA's deferential standard. *Slaughter v. Superintendent Phoenix SCI*, 816 F. App'x 658, 661 (3d Cir. 2020), *cert. denied sub nom. Slaughter v. Ferguson*, 141 S. Ct. 1748 (2021). As the Third Circuit Court of Appeals has made clear, the relevant inquiry is "not whether the state court's holding was wrong, but whether it was reasonable." *Id.* The Court is thus limited to considering the arguments or theories that support the state court's decision and whether it is possible that "fair-minded jurists could disagree that those arguments or theories are inconsistent." *Harrington*, 562 U.S. at 102.

As a threshold matter, the Pennsylvania courts applied the proper legal standard to Mr. Lafantano's allegations. The Third Circuit Court of Appeals has held that the Commonwealth's standard for evaluating ineffective assistance claims is identical to the *Strickland* standard. *Werts*, 228 F.3d at 203. Magistrate Judge Heffley found that the Pennsylvania court's application of *Strickland* to each of these claims was not unreasonable. Although Mr. Lafantano repeats his underlying argument that admitting the prison visit recordings violated the state Wiretap Act, he does not raise new arguments in his Objections that address the state court's application of the *Strickland* standard.

In his Objections, Mr. Lafantano contends that the state courts and Magistrate Judge Heffley applied the revised Pennsylvania Wiretapping and Electronic Surveillance Act, rather than the version in effect at the time of his trial. In general, subject to certain carveouts, the Wiretap Act "prohibits the interception, disclosure or use of any wire, electronic or oral communication."

*Commonwealth v. Byrd*, 235 A.3d 311, 319 (Pa. 2020). Two exceptions to the Wiretap Act are relevant here.

The first is the "correctional facility" exception. At the time Mr. Lafantano's statements were recorded, a correctional facility could "intercept, record, monitor or divulge any *telephone calls.*" 18 Pa. C.S. § 5704(14) (effective prior to Sept. 5, 2017). In 2016, the Pennsylvania Supreme Court held in *Commonwealth v. Fant*, 146 A.3d 1254 (Pa. 2016), that a jail visit conversation over a telephone-like handset was not a "telephone call" within the meaning of the Wiretap Act. *Id.* at 1260. Following *Fant*, the state legislature amended § 5704(14) to replace "telephone calls" with "oral communication, electronic communication or wire communication."

The second is the "mutual consent" provision. Under the plain language of this exception, "[i]t shall not be unlawful and no prior approval shall be required under this chapter for . . . [a] person, to intercept a wire, electronic or oral communication, where all parties to the communication have given prior consent to such interception." 18 Pa. C.S. § 5704(4). The mutual consent exception was in place at the time the challenged recordings were made. The Pennsylvania Supreme Court recently confirmed a prisoner who hears a recorded warning that he "may be monitored or recorded" then speaks after receiving that warning satisfies the mutual consent exception to the Wiretap Act. *Com. v. Byrd*, 235 A.3d 311, 313 (Pa. 2020).[4]

Mr. Lafantano objects on the grounds that the statements at issue were recorded in violation of § 5704(14) as interpreted by *Fant*. But the PCRA court did not find his Wiretap Act challenges were meritless based on either the pre- or post-*Fant* version of § 5704(14). Instead, it found that Mr. Lafantano lacked any reasonable and legitimate expectation of privacy in the content of his conversations conducted through the prison visitation system based on the "mutual consent"

---

[4]       Similar to the facts here, the recordings at issue in *Byrd* were taken prior to the post-*Fant* Wiretap Act revision and were conducted over a closed-circuit system using telephone-like handsets.

exception. That was because it credited testimony from the correctional facility's representative that a warning is provided to anyone using the internal prison telephone system that the conversation is being recorded. Doc. No. 9-5. So, Mr. Lafantano was advised his statements would be recorded and nevertheless proceeded to speak using the phone system.

In his Objections, Mr. Lafantano does not deny that he was aware of the warnings before using the prison call system. He responds that he did not "consent" because he had "no alternative to wiretapping of private communications." Doc. No. 12 at 7. The Third Circuit Court of Appeals has outright rejected this argument. *United States v. Hodge*, 85 F. App'x 278, 281 (3d Cir. 2003) (holding that inmate consented to recording where testimony established that each call was preceded by a message warning that the call would be recorded and monitored).

Because there was no merit to the argument that admitting the recordings violated the Wiretap Act, trial counsel's performance could not be deficient in either failing to move to suppress (Claim Three) or objecting to the admission (Claim Five). Likewise, neither was appellate counsel's decision not to raise the Wiretap argument on appeal (Claim Four).

So, Mr. Lafantano cannot meet the first prong of *Strickland*—that his counsels' performance was deficient. Accordingly, the Court concludes that the Report and Recommendation's correctly found that these ineffectiveness claims do not warrant relief.

## IV.    Insufficient Evidence to Convict (Claim Six)

Mr. Lafantano next contends that the evidence was insufficient to support his conviction for stolen property, burglary, and conspiracy to commit same arising out of the Ciraulo burglary. Magistrate Judge Heffley found this claim was procedurally defaulted because Mr. Lafantano did

not raise any sufficiency of the evidence claims before the state courts on appeal or during state post-conviction review.[5] Mr. Lafantano does not address his procedural default in his Objections.

Even were the claim not procedurally defaulted, Mr. Lafantano would not be entitled to relief. The relevant inquiry for a properly preserved habeas challenge to the sufficiency of the evidence is whether "after reviewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *Jackson v. Virginia*, 443 U.S. 307, 318-19 (1979). The "only question under *Jackson* is whether that finding was so insupportable as to fall below the threshold of bare rationality." *Coleman v. Johnson*, 566 U.S. 650, 656 (2012).

On direct appeal, the trial court rejected a related claim that Mr. Lafantano's convictions were against the weight of the evidence. It found the Commonwealth presented a "strong circumstantial case" and that the jury's verdict was consistent with the Commonwealth's evidence. Doc. No. 9-1 at 26-27. Viewing the evidence in the Commonwealth's favor, Mr. Lafantano engaged in a scheme with Mr. Ramos to burglarize the homes of customers of Class Act Landscaping; surveillance footage showed a black SUV near the homes that were burgled; cell phone activity between Mr. Lafantano and Mr. Ramos revealed communications relevant to the burglary and placed their phones near the Ciraulo residence at the time of the burglary; and a television reported stolen was recovered from Mr. Ramos's girlfriend's house. To the extent Mr. Lafantano challenges the effect of the prison recordings presented against him, the state courts

---

[5]     Mr. Lafantano did challenge the weight of the evidence in a post-sentence motion. After holding argument on this claim, the trial court denied his request for a new trial. Mr. Lafantano did not raise this claim on direct appeal. *Com. v. Lafantano*, No. 1608 EDA 2014, 2015 WL 6128852, at *5 (Pa. Super. Ct. July 31, 2015) (discussing post-sentence motion practice).

repeatedly rejected his hearsay arguments. *See* Section III, *supra*. The collective evidence presented at trial permitted a reasonable jury to make the findings that it did.

If the Court were to evaluate the merits of this claim, it would find them lacking. Accordingly, the Court adopts the Recommendation to the extent it finds that the sufficiency of the evidence challenge is procedurally defaulted.

## V.   Propriety of Sentence (Claim Seven)

Mr. Lafantano challenges the trial court's discretion to sentence him above the sentencing guidelines. The petition appears not only to argue that the trial court abused its discretion, but also raises an Eighth Amendment violation. The Commonwealth responded only to the abuse of discretion claim. It urges the Court to deny the claim because it is procedurally defaulted and because a challenge to the discretionary aspects of a state court sentence is not cognizable on federal habeas review. Neither the Commonwealth nor the Report and Recommendation addresses the Eighth Amendment claim.

Although Mr. Lafantano challenged his sentence in a post-trial motion, he raised only the abuse of discretion claim. The trial court denied this motion in 2013 and explained its sentencing determination as a matter of state law. Mr. Lafantano did not file a direct appeal. *Com. v. Lafantano*, No. 1608 EDA 2014, 2015 WL 6128852, at *5 (Pa. Super. Ct. July 31, 2015) (discussing post-trial motions).

As for the abuse of discretion claim, Magistrate Judge Heffley recommends that this claim be denied. Mr. Lafantano does not object to the Recommendation. The Court agrees that this claim is procedurally defaulted. Moreover, federal habeas review exists to rectify violations of federal law. *Wilson v. Corcoran*, 562 U.S. 1, 5 (2010). Sentencing is a matter of state criminal

procedure. A federal court thus is limited in its ability to review state sentences unless it violates a separate federal constitutional limitation.

As for Mr. Lafantano's new claim that his sentence violates the Eighth Amendment, the Court finds it is likewise procedurally defaulted. But even if his constitutional claim were not procedurally defaulted, Mr. Lafantano would not be entitled to relief on the merits. The Supreme Court has identified three factors to analyze whether a sentence is unconstitutional because it is so disproportionate to the crime: "(i) the gravity of the offense and the harshness of the penalty; (ii) the sentences imposed on other criminals in the same jurisdiction; and (iii) the sentences imposed for commission of the same crime in other jurisdictions." *Solem v. Helm*, 463 U.S. 277, 292 (1983).

The Eighth Amendment prohibits sentences that are "grossly disproportionate to the severity of the crime." *Ewing v. California*, 538 U.S. 11, 21 (2003). For non-capital offenses, "successful challenges to the proportionality of particular sentences have been exceedingly rare." *Id.* In *Lockyer v. Andrade*, 538 U.S. 63 (2003), the Supreme Court—having reviewed its prior cases analyzing Eighth Amendment challenges to sentences—emphasized that the only clearly established legal principle in this context is the gross proportionality principle. *Id.* at 72.

Mr. Lafantano fails to explain how his sentence is unconstitutional, other than that it results from an upward sentencing departure. The trial court imposed an aggregate sentence of 18 to 42 years, which represents an upward departure from the state guidelines, which provide a range of 17 to 34 years.[6] Under Pennsylvania law, a trial judge may impose a sentence in excess of the

---

[6]     Given that the trial court imposed a range of imprisonment, it is entirely possible that Mr. Lafantano will ultimately serve a sentence that is well within the statutory guidelines. "Generally, a sentence within the [statutory] limits . . . is neither excessive nor cruel and unusual under the Eighth Amendment." *United States v. Miknevich*, 638 F.3d 178, 186 (3d Cir. 2011).

guidelines as long as he explains on the record the factual basis and specific reasons which compelled the departure. 42 Pa. Cons. Stat. Ann. § 9721(b). "[T]he protection of the public" and "the gravity of the particular offense as it relates to the impact on the life of the victim and the community" are cognizable reasons for departure. *Com. v. Edwards*, 194 A.3d 625, 637 (Pa. Super. Ct. 2018). Here, the trial court explained that the sentence was justified under the circumstances given the nature of the offenses—Mr. Lafantano had robbed his victims of their sense of security in their own homes, his lengthy criminal history, and his minimal employment history.

The Supreme Court has upheld more severe sentences for less severe crimes. *See, e.g.*, *Lockyer*, 583 U.S. at 72 (2003) (upholding life sentence for two counts of petty theft where prisoner was sentenced under California's then-Three Strikes law); *Harmelin v. Michigan*, 501 U.S. 957 (1991) (upholding life sentence for conviction of possession of more than 650 grams of cocaine when petitioner had no prior felony convictions). If the Court were to reach the merits of the constitutional claim, it would find that the state court's decision was not contrary to "clearly established Federal law."

The Court adopts the Report and Recommendation to the extent the abuse of discretion claim is not cognizable. It modifies the Report and Recommendation to find that the Eighth Amendment claim is procedurally defaulted and meritless.

## VI. Failure to Give Cautionary Instruction (Claim Eight)

Mr. Lafantano argues that the trial court erred by not giving a cautionary jury instruction that the prison phone recordings should be considered only in relation to the charge for receiving stolen property. As with his Confrontation Clause claims, Mr. Lafantano failed to preserve this claim in his Rule 1925(b) statement. Accordingly, the Superior Court found that he waived this

claim. *Com. v. Lafantano*, No. 1608 EDA 2014, 2015 WL 6128852, at *9 n.7 (Pa. Super. Ct. July 31, 2015). He then did not pursue this claim in his PCRA petitions. Magistrate Judge Heffley found this claim barred by an independent and adequate state ground. *See* Section I, *supra*. And, because the time period in which he could have pursued this claim in state court has since passed, she recommends denying this claim as procedurally defaulted. She further found that Mr. Lafantano did not establish "cause and prejudice" for his default in state court.

Mr. Lafantano does not object to the Recommendation to the extent it concludes that it is procedurally defaulted. Instead, he reiterates his challenge to the admission of the recordings.

The Court agrees with Magistrate Judge Heffley that there is no basis to excuse Mr. Lafantano's default here. To excuse his default, Mr. Lafantano again invokes *Martinez* to argue that his PCRA counsel's performance was deficient in failing to challenge appellate counsel's failure to raise this claim. But the Supreme Court has declined to so expansively read its ineffective assistance of counsel jurisprudence to the claims Mr. Lafantano makes about his appellate counsel. *Davila v. Davis*, 137 S. Ct. 2058, 2066-67 (2017).

Moreover, Mr. Lafantano previously argued that his appellate counsel's performance was deficient in his PCRA petitions. Specifically, he presented the failure to appeal trial counsel's failure to object to the recordings and the failure to appeal trial counsel's failure to move to suppress the recordings. So, he was certainly aware that he could challenge his appellate counsel's performance before the state court on the jury instruction issue. But he did not present appellate counsel's failure to appeal the lack of a cautionary instruction as an independent claim for the state court to consider. Accordingly, it cannot now be used to establish cause for a procedural default. *Edwards v. Carpenter*, 529 U.S. 446, 452 (2000); *Murray v. Carrier*, 477 U.S. 478, 489 (1986).

Nor does the Court find that Mr. Lafantano is prejudiced. He cannot make out a reasonable probability that the result of the proceeding would have been different had his appellate counsel preserved this claim on appeal. "Habeas review of jury instructions is limited to those instances where the instructions violated a defendant's due process rights." *Echols v. Ricci*, 492 F. App'x 301, 312 (3d Cir. 2012). Such a violation occurs only when the jury instruction "omits or materially misdescribes an essential element of the offense." *Smith v. Horn*, 120 F.3d 400, 415 (3d Cir. 1997). For these reasons, a petitioner faces a "heavy burden" when challenging an allegedly defective jury instruction because he must establish that the trial was rendered fundamentally unfair. *Gov't of Virgin Islands v. Smith*, 949 F.2d 677, 684 n.7 (3d Cir. 1991).

Mr. Lafantano's argument misses the mark: he does not contend that the allegedly erroneous instruction removed or distorted an element from the Commonwealth's case. Rather, his argument is about the Commonwealth's ability to prove its case based on circumstantial evidence. The trial court allowed the prison recordings as statements by co-conspirators in furtherance of the conspiracy to commit burglary. Accordingly, the Commonwealth used these recordings to establish an element of the *conspiracy* charge. Mr. Lafantano's challenge is really a repackaging of his argument that the recordings were "inadmissible hearsay statements," which the state courts repeatedly rejected, and which is not cognizable on habeas review.

Because the Court finds that this claim is procedurally defaulted and Mr. Lafantano has not made a showing of cause and prejudice to excuse his default or that a fundamental miscarriage of justice would result, the Court declines to reach the merits of the claim. Accordingly, it adopts the Recommendation to the extent it finds that this claim is procedurally defaulted.

**VII.    Failing to Sever Indictments and Ineffective Assistance of Counsel for Failure to Move to Sever (Claims Nine and Ten)**

Mr. Lafantano argues that the trial court erred in denying his motion to sever his two indictments and, relatedly, that his trial counsel provided ineffective assistance by failing to move to sever. Magistrate Judge Heffley recommended rejecting both challenges to the joinder of the indictments as meritless. Before the Court reaches the merits of the claim as the Recommendation suggests, it must again address the gating issue of procedural default.

On direct appeal, Mr. Lafantano presented his ninth claim as a state law issue, not a federal constitutional one. He then abandoned the claim in his subsequent state post-conviction challenges. Nevertheless, the Court finds that the claim is exhausted. Because the time to have pursued this claim on PCRA review is since passed, it is now procedurally defaulted. Mr. Lafantano likewise did not raise his related ineffective assistance claims at all during PCRA review.

Mr. Lafantano does not explain what (if anything) prevented him from timely raising the defaulted claim. So, he has failed to show cause. *Wainwright v. Sykes*, 433 U.S. 72, 87 (1977). Because he must show both cause *and* prejudice to overcome procedural default, the Court's inquiry is theoretically done. Mr. Lafantano's Objections appear, however, to address his burden of showing actual prejudice. He contends that allowing evidence from one of the indictments was improper "propensity" evidence that denied him a fair trial. Although it does not ultimately alter the Court's conclusions, the Court will consider whether Mr. Lafantano shows prejudice.

On habeas review, a petitioner claiming improper joinder must show that the trial court's failure to sever resulted in a trial that was fundamentally unfair. *Laird v. Horn*, 159 F. Supp. 2d 58, 97 (E.D. Pa. 2001), *aff'd and remanded*, 414 F.3d 419 (3d Cir. 2005). "[I]mproper joinder does not itself, violate the Constitution." *United States v. Lane*, 474 U.S. 438, 446 n.8 (1986).

Misjoinder may rise to a constitutional violation "only if it results in prejudice so great as to deny a defendant his Fifth Amendment right to a fair trial." *Id.*

On direct appeal, the Superior Court considered the potential for prejudice that could have resulted from trying the three burglaries together.[7] The Superior Court concluded that the potential for prejudice was not so great that severing and remanding for three separate trials was warranted. It first noted that joinder was appropriate under the Pennsylvania Rules of Criminal Procedure, which provide for trying separate offenses together when "the evidence of each of the offenses would be admissible in a separate trial for the other and is capable of separation by the jury so that there is no danger of confusion." Pa. R. Crim. P. 582(A)(1)(a).

The Superior Court then examined Pennsylvania case law, which allows certain evidence of other criminal acts under the "*res gestae*" or "complete story" exception. *Com. v. Lafantano*, No. 1608 EDA 2014, 2015 WL 6128852, at *8 (Pa. Super. Ct. July 31, 2015) (citing *Com. v. Lark*, 543 A.2d 491, 497 (Pa. 1988)). Evidence of distinct crimes is not admissible against a criminal defendant "solely to show his bad character and his propensity for committing other acts." *Com. v. Robinson*, 864 A.2d 460, 496 (Pa. 2004) (citing *Lark*, 543 A.2d at 497). However, evidence of other crimes may relevant for a legitimate purpose, such as when the evidence is "part of a chain or sequence of events which became part of the history of the case." *Id.* To determine whether the "*res gestae*" exception should apply, courts consider "the elapsed time between the crimes, the geographical proximity of the crime scenes, and the manner in which the crimes were committed." *Com. v. Dozzo*, 991 A.2d 898, 902 (Pa. Super. Ct. 2010).

---

[7]     Mr. Lafantano did not appeal the joinder of his case with Mr. Ramos's. *Com. v. Lafantano*, No. 1608 EDA 2014, 2015 WL 6128852, at *6 n.4 (Pa. Super. Ct. July 31, 2015).

The Superior Court then considered each of these factors in light of the trial court's rationale for granting the Commonwealth's motion for joinder. In finding that the "evidence showed a common plan or scheme between the two defendants," it emphasized that the defendants "burglarize[d] the homes of people who were present or former clients of Class Act Landscaping," used common points of entry, and that the black SUV was observed in two of the burglaries. *Com. v. Lafantano*, 2015 WL 6128852, at *8. Moreover, the recorded prison conversations linked the defendants to the stolen items that were recovered at Mr. Ramos's girlfriend's home.

So doing, the Superior Court catalogued the similarities between the burglaries and attempted burglaries to conclude that Mr. Lafantano committed them in furtherance of a common scheme. Moreover, the Superior Court noted that the jury acquitted Mr. Lafantano on certain counts in each of the indictments. The Superior Court pointed to this as "demonstrating the jury considered each case and each charge separately and did not cumulate the evidence." *Id.* at *9.

The Court further notes that consolidation is an issue of state law and judicial discretion and that reversal is warranted only when there is an abuse of discretion. *Com. v. Newman*, 598 A.2d 275, 277 (Pa. 1991). Even assuming that Mr. Lafantano raised a federal constitutional claim with respect to his severance claim, the Court finds that the Superior Court's approval of the trial court's decision does not show an unreasonable application of either state or federal law. So, Mr. Lafantano cannot establish prejudice. Nor has he presented evidence of his actual innocence to establish that failure to consider the claim would result in a fundamental miscarriage of justice. The Court thus concludes that it may not reach the merits of this procedurally defaulted claim. So, the Court modifies the Report and Recommendation to find that the ninth claim is procedurally defaulted and meritless.

To the extent Mr. Lafantano's tenth claim for relief is based on counsel's failure to file a motion to sever, this claim is also procedurally defaulted. But it is also meritless: Mr. Lafantano's trial counsel did in fact move to sever and did in fact object to the Commonwealth's motion to join the cases. For that reason, PCRA counsel did not—and could not—raise a claim based on a failure to move to sever, when such a motion was actually made. Because Mr. Lafantano cannot show that his counsels' performances were deficient, he does not satisfy the first prong of *Strickland*. Accordingly, the Court adopts the Recommendation to the extent it denies relief as to the tenth claim. But it modifies the Recommendation to deny relief because the claim is procedurally barred.

### CONCLUSION

For the reasons set out in this Memorandum, the Court denies Mr. Lafantano's Petition for Writ of Habeas Corpus. Magistrate Judge Heffley's Report and Recommendation is adopted in part and modified in part. The Court approves and adopts those parts of the Report and Recommendation recommending denial of Claims Three, Four, and Five. The Court approves and adopts those parts of the Report and Recommendation recommending denial of Claims One, Two, Six, Seven, and Eight to the extent they are procedurally defaulted. Mr. Lafantano does not demonstrate cause and prejudice to excuse the default or demonstrate that the failure to consider the claim will result in a fundamental miscarriage of justice.

The Court modifies those parts of the Report and Recommendation as to Claim Seven to find that the Eighth Amendment claim is procedurally defaulted and meritless. It also modifies those parts of the Report and Recommendation as to Claims Nine and Ten to the extent Magistrate Judge Heffley reached the substance of these procedurally defaulted claims.

The Petition is thus denied in all respects.   Because Mr. Lafantano has not made "a substantial showing of the denial of a constitutional right," a certificate of appealability will not issue for these claims.   28 U.S.C. § 2253(c)(2).   The Court enters the accompanying order.

BY THE COURT:

GENE E.K. PRATTER
UNITED STATES DISTRICT JUDGE